**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CRYSTAL L. RIVERA,**

    **Plaintiff,**

v.                                                                  Case No. 8:07-cv-2190-T-30TGW

**AARON RENTS, INC. and
SETH C. GEVIRTZ,**

    **Defendants.**

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Aaron Rents, Inc.'s ("Aaron Rents") Motion to Dismiss Counts I through IV (Dkt. 6), Plaintiff's Memorandum in opposition to the same (Dkt. 13), Aaron Rent's Motion to Strike Demand for Jury Trial and Demand for Prejudgment Interest on Punitive Damages (Dkt. 7), and Plaintiff's Memorandum in opposition to the same (Dkt. 14). The Court, having reviewed the motions, responses, and supporting memoranda, and being otherwise fully advised in the premises, determines that Aaron Rents' motions should be granted.

**Background**

At all times relevant to this action, Plaintiff was employed as a customer service representative for Defendant Aaron Rents at its store located in Pinellas Park, Florida. Plaintiff was supervised by Defendant Seth Gevirtz, who was employed as a Sales Manager by Aaron Rents and had direct authority over her. Plaintiff alleges that, from December of

2005 through January of 2006, Gevirtz: (i) raped and sexually battered her, (ii) grabbed, choked, and held her against her will, (iii) instructed her to go to isolated areas of the store, where he trapped her, held her by the throat, and sexually battered her, (iv) exposed himself to her and demanded she perform sexual acts, (v) removed her clothing against her will, (vi) kissed and groped her against her will, and (vii) continually threatened her, warning her that her reporting his behavior would ruin her job and reputation.

As a result of Gevirtz's conduct, Plaintiff filed the instant lawsuit. She has asserted claims against Aaron Rents and Gevirtz for battery (Count I), assault (Count II), false imprisonment (Count III), and intentional infliction of emotional distress (Count IV). She has also asserted a claim against Aaron Rents for negligent retention and supervision (Count V). Aaron Rents has moved to dismiss Counts I through IV, and has moved to strike Plaintiff's demands for a jury trial and for prejudgment interest on personal injury damages.

## Discussion

### I.   Motion to Dismiss

To warrant dismissal of a complaint under Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining

---

[1] Although the Motion to Dismiss, which was originally filed in state court, cites to Fla. R. Civ. P. 1.140(b) as the applicable standard, the Court will analyze the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

Aaron Rents argues that it may not be held vicariously liable for Gevirtz's conduct. Aaron Rent cites to *Ayers v. Wal-Mart Stores, Inc.*, 941 F. Supp. 1163, 1168 (M.D.Fla. 1996) in support of its position, which involved similar facts to the instant case. In *Ayers*, a Wal-Mart employee alleged that her manager made sexual advances toward her, touched her, hugged her, and made sexual comments without her consent. *Id.* at 1170. The court, applying Florida law, considered that for purposes of establishing *respondeat superior* liability on the part of an employer, its employee's conduct must "1) have been the kind he was employed to perform; 2) have occurred within the time and space limits of his employment, and 3) must have been activated at least in part by a desire to serve the master." *Id.* at 1168 (citing *Sussman v. Florida East Coast Properties, Inc.*, 557 So. 2d 74, 75-76 (Fla.

3d DCA 1990), *rev. denied*, 574 So. 2d 143 (Fla. 1990). The court granted summary judgment in favor of the defendant, concluding that the plaintiff had failed to sufficiently allege that the manager's actions were in furtherance of Wal-Mart's interest in selling retail goods. *Id.* at 1169.

Florida courts recognize that "[g]enerally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment and, therefore, insufficient to impose vicarious liability on the employer." *Nazareth v. Herndon Ambulance Service, Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 1985), *rev. denied* 478 So. 2d 53 (Fla. 1985). However, Florida courts also recognize an exception to this general rule where the "tortfeasor was assisted in accomplishing the molestation by virtue of the employer/employee relation." *Agriturf Management, Inc. v. Roe*, 656 So. 2d 954, 955 (Fla. 2d DCA 1995). In order for the exception to apply, the tortfeasor's misconduct must not "have as its source or its purpose any intent to serve [the employer]." *Id.*

In *Agriturf*, a six-year old child was sexually fondled by her grandfather, who was the president of a landscaping company called Agriturf. *Id.* at 954. The illicit conduct was alleged to have occurred on several occasions in a trailer used to transport Agriturf's equipment. *Id.* at 955. The trial court had concluded that, because the child would help her grandfather put away tools and clean equipment, her grandfather was acting within the apparent scope of employment and serving the interests of Agriturf when he engaged in the illicit conduct. *Id.* The appellate court rejected this analysis and held that, as a matter of law, the conduct did not occur in furtherance of the business objectives of the company. *Id.*

(noting that "if any relationship furthered [the president's] deviant purpose, it was that of grandfather/granddaughter" and that his illicit conduct "did not have as its source or its purpose any intent to serve Agriturf"); *see also Iglesia Christiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 253 (Fla. 3d DCA 2001) (holding church pastor's sexual assault of sixteen-year old victim was an independent, self-serving act, and did not occur within the scope of his employment where the assault did not occur on church property and was not motivated by any desire to serve the church).

Plaintiff argues that the instant case is more similar to *Hennagan v. Department of Highway Safety and Motor Vehicles*, 467 So. 2d 748 (Fla. 4th DCA 1985). In *Hennagan*, the plaintiff alleged that a uniformed Florida Highway Patrol trooper advised a minor walking home from grade school that she was under suspicion for theft. The trooper instructed her that he would need to search her person and requested that she enter his vehicle. *Id.* at 748. After driving the minor to an obscure location, the trooper allegedly removed portions of her clothing, conducted an illegal search, and sexually abused her. *Id.* The court concluded that the allegations were sufficient to survive a motion to dismiss, reasoning that it was not impossible to "attribute the anger, assault and battery to overzealousness in the protection of what [the trooper] envisioned as his employer's interest" or to the performance of his official duties. *Id.* at 751.

The facts in the instant case are more similar to those in *Ayers, Agriturf*, and *Iglesia Christiana* than those in *Hennagan*. Taking the facts in the light most favorable to Plaintiff, the alleged misconduct took place in the store during business hours. Gevirtz may very well

have used isolated areas in the store to accomplish his illicit purpose. However, Plaintiff has failed to sufficiently allege that such conduct in any way furthered Aaron Rent's business interest in leasing furniture, or that such conduct was in any way motivated out of a desire to serve Aaron Rents.[2] Thus, the Court concludes that Gevirtz's conduct, as alleged in the Complaint, did not occur within the scope of his employment, and that Aaron Rents cannot be held vicariously liable for his intentional torts. Accordingly, Aaron Rents' Motion to Dismiss Counts I through IV will be granted.

## II. Motion to Strike

Aaron Rents has also moved to strike Plaintiff's demands for a jury trial and for prejudgment interest on her personal injury damages. Aaron Rents argues that on or about July 7, 2006, Plaintiff signed a Policy Manual Acknowledgment that expressly waived her right to a jury trial for any dispute regarding her employment. Plaintiff argues that the jury trial waiver was inconspicuous, and that she was forced to sign it under an implied threat of immediate termination.

A party may waive its right to a jury trial so long as the waiver is knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Systems, Inc.*, 164 F. App'x. 820, 823 (11th Cir. 2006). In assessing whether a waiver was knowing and voluntary, courts consider "the conspicuousness of the waiver provision, the parties' relative bargaining power, the

---

[2] The Court recognizes that a number of cases cited by Defendant addressed similar issues at the summary judgment stage rather than on a motion to dismiss. However, Plaintiff's Complaint lacks sufficient facts to state a claim for relief that is plausible on its face. *See Twombly*, 127 S.Ct. at 1960.

sophistication of the party challenging the waiver, and whether the terms of the waiver were negotiable." *Id.* at 823-24. While the Eleventh Circuit has not ruled on the issue of which party has the burden of proof regarding the validity of a waiver, the Court need not address this issue because Aaron Rents prevails regardless of who has the burden. *See Id.* at 824.

Upon review, the Court determines that the jury trial waiver provision was conspicuous. Despite Plaintiff's contention that it was hidden in the middle of the document, the waiver provision was included in a single page document, was in the same size font as the rest of the document, and stated in clear and unambiguous language that Plaintiff was waiving her right to a jury trial. *See Murphy v. Cimarron Mortg. Co.*, 2007 WL 294229 *2 (M.D.Fla. Jan. 29, 2007) (holding jury trial waiver to be conspicuous where it was in its own separate paragraph, was in the same size font as the rest of the document, was located in the last paragraph of a twelve page document, and stated in clear and unambiguous language that the plaintiffs were waiving their right to a jury trial).

Plaintiff argues that Aaron Rents inherently had greater bargaining power, was more sophisticated, used its position to effectively present Plaintiff with a choice of signing the Policy Manual Acknowledgment or losing her job, and did not give her the opportunity to negotiate the waiver. Plaintiff further argues that the Policy Manual Acknowledgment makes clear that employees can be terminated at any time or for no reason at all, and that a reasonable person could infer from this statement that failure to sign the acknowledgment would result in immediate termination.

The Court is not persuaded by Plaintiff's arguments. While no evidence has been presented that Aaron Rents gave Plaintiff the opportunity to negotiate the waiver, there is also no evidence or allegation that she objected to the waiver provision at the time she signed the Policy Manual Acknowledgment. While Aaron Rents acknowledges that the Policy Manual Acknowledgment was signed in consideration for continued employment, there is no indication that Plaintiff was subjected to duress or objected to any of its terms. Under these circumstances, the Court concludes that Plaintiff knowingly and voluntarily waived her right to a jury trial. Accordingly, Defendant's Motion to Strike Plaintiff's demand for a jury trial is granted with respect to her claims against Aaron Rents.[3]

The Court also grants Defendant's Motion to Strike Plaintiff's demands for prejudgment interest on an award for personal injuries. Under Florida law, plaintiffs in personal injury cases have historically not been entitled to prejudgment interest, as damages are too speculative to liquidate before final judgment. *Amerace Corp. v. Stallings*, 823 So. 2d 110, 112-113 (Fla. 2002). Plaintiff has neither responded to Defendant's motion regarding this issue nor identified an exception to the general rule that would apply to the instant facts. Absent an identified exception, the Court concludes that Plaintiff's claims for prejudgment interest on her damages for personal injuries should be stricken.

It is therefore ORDERED AND ADJUDGED that:

---

[3]This Order does not address whether Plaintiff has a right to a jury trial with respect to her claims against Gevirtz individually.

1. Defendant Aaron Rents, Inc.'s Motion to Dismiss Counts I through IV is **GRANTED**.

2. Counts I through IV are hereby **DISMISSED without prejudice**. Plaintiff may file an Amended Complaint within twenty (20) days of this Order if she in good faith believes she can allege facts that will support a cause of action.

3. Defendant Aaron Rent's Motion to Strike Demand for Jury Trial and Demand for Prejudgment Interest on Punitive Damages (Dkt. 7) is **GRANTED**.

4. Plaintiff's demand for a jury trial is hereby **STRICKEN** with respect to Defendant Aaron Rents.

5. Plaintiff's claim for prejudgment interest on her damages for personal injuries is hereby **STRICKEN**.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2190.mtd.frm